

# The Attorney General of Texas

December 22, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
District Attorney
Dallas County Government Center
Dallas, Texas    75202

Opinion No. MW-543

Re:  Whether property owned by Offender Preparation and Employment Network is exempt from ad valorem taxation

Dear Mr. Wade:

You ask three questions concerning whether the Offender Preparation and Employment Network, Inc., a non-profit corporation whose purpose it is to provide ex-offenders with employment training and assistance, is exempt from ad valorem taxation. The corporation is claiming exempt status under section 11.18(c)(1)(C) of the Property Tax Code which exempts from ad valorem taxation the real and tangible personal property of charitable organizations "providing support to... the handicapped without regard to the beneficiaries' ability to pay...." (Emphasis added). You first ask:

> Does the word 'handicapped' as used in section 11.18(c)(1)(C) of the Texas Property Tax Code include individuals whose 'handicap' is one of status, or is 'handicapped' restricted to the physically or mentally impaired?

This office has already construed section 11.18, Property Tax Code, as establishing new criteria for determining whether property owners are eligible for ad valorem tax exemption as charitable institutions. Attorney General Opinion MW-288 (1980). Property owned by an organization can qualify for an exemption only if the organization meets these criteria. Prop. Tax Code §11.18(a). If the claimant non-profit corporation is to be accorded a charitable tax exemption, it must first be exempt under section 11.18. See City of Waco v. Texas Retired Teacher Residence Corporation, 464 S.W.2d 346 (Tex. 1971); Hilltop Village, Inc. v. Kerrville Independent School District, 426 S.W.2d 943 (Tex. 1968); Attorney General Opinion MW-288 (1980). If it fails to qualify under section 11.18, we need not consider whether it is a "purely public charity" under the constitution.

The Property Tax Code does not define "handicapped" for purposes of section 11.18 (c)(1)(C). Nor has any court yet construed the term. However, the Code Construction Act, article 5429b-2, V.T.C.S., at section 2.01 provides that:

> [W]ords and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.

"Handicapped" has been defined as "those at a disadvantage in economic competition because of physical or mental defects." Webster's New International Dictionary, 1133 (2nd Ed. Unabridged 1957). An examination of the Texas Constitution and Texas statutes indicates that our lawmakers have consistently employed the term "handicap" or "handicapped" to refer to those persons with physical or mental impairments rather than to those persons who experience social or economic disadvantage by reason of their status. See, e.g., Tex. Const. arts. III, §51-a; VIII, §1-b; XVI, §6; V.T.C.S. arts. 601b, §3.20; 4442a-1; 4442c; 5159d, §4(10); 6823a, §8. We believe that the rules of common usage compel us to conclude that, when the legislature employed the term "handicapped" in section 11.18, Property Tax Code, it was referring only to those persons with physical or mental impairments and not to those persons who experience social or economic disadvantage by reason of their status.

We therefore conclude that the term "handicapped" in section 11.18, Property Tax Code, refers to persons with physical or mental impairments which place those persons at a disadvantage in economic competition. The term does not include ex-offenders who are not otherwise physically or mentally handicapped. Hence, a non-profit corporation which provides employment training and assistance to ex-offenders does not as a matter of law fall within the ambit of section 11.18(c)(1)(C), Property Tax Code, which includes "providing support to... the handicapped without regard to the beneficiaries' ability to pay" among the organizational purposes which may receive designation as a charitable institution. Because we so conclude, we need not answer your second and third questions.

## SUMMARY

A non-profit corporation which provides employment training and assistance to ex-offenders does not as a matter of law fall within the ambit of section 11.18(c)(1)(C), Property Tax Code, and therefore, cannot be deemed exempt from ad valorem taxation as an institution "providing support

to... the handicapped without regard to the beneficiaries' ability to pay."

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Bill Kimbrough
Jim Moellinger
Bruce Youngblood